**02D01-2310-CT-000718**

Filed: 10/25/2023 9:38 AM
Clerk
Allen County, Indiana
JS

Allen Superior Court

USDC IN/ND case 1:23-cv-00499-HAB-SLC   document 5   filed 10/25/23   page 1 of 4

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| | |
|---|---|
| WANDA KELSAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED METHODIST | ) |
| MEMORIAL HOME, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff, by counsel, alleges against Defendant that:

1. The Plaintiff is Wanda Kelsaw, a Black/African American female who resides in the City of Fort Wayne, County of Allen, State of Indiana.   Plaintiff worked for Defendant from about September 6, 2022 through July 26, 2023.   Plaintiff works as a Certified Nursing Assistant for Defendant.

2. The Defendant is United Methodist Memorial Home, d/b/a Heritage Pointe of Fort Wayne.   Defendant does business at 5250 Park Way, Fort Wayne, Indiana 46845. Defendant's Registered Agent is David P. Souder, 801 Huntington Avenue, Warren, Indiana 46792.   Defendant is a domestic non-profit corporation whose principal office address is P.O. Box 326, Warren, Indiana 46792.

3. Defendant is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981.   Defendant is obligated to treat minorities the same as Caucasians with respect to the terms, benefits, conditions

–1–

and contractual benefits of employment.

4. Plaintiff filed a Charge of Discrimination with the Metropolitan Human Relations Commission, Charge No. 24D-2023-00244/EC-0080-A23, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A".   The EEOC issued a Dismissal and Notice of Rights on or about July 28, 2023, a copy of which is attached hereto as Exhibit "B", and this Complaint has been filed within ninety (90) days after receipt thereof.

5. Plaintiff alleges that she was discriminated against and treated worse than similarly situated Caucasian employees in violation of Title VII and 42 U.S.C. § 1981, and in support thereof alleges as follows:

   a. Plaintiff incorporates herein all of the facts and allegations set forth in her Charge of Discrimination.

   b. Human Resources Director Laura King directed Defendant's Scheduler to keep Plaintiff from working and reduce her hours by falsely stating that the available hours of work "had been filled" even though they were made available to other non-Black/non-African American employees.

   c. Laura King also instructed staff to not allow Plaintiff to train new employees, allegedly because Plaintiff had a "poor attitude", as Plaintiff always had a good attitude.

   d. The alleged reason that Plaintiff could not work the available hours and was not allowed to train was that "bonuses" were "out of f**king of control", but Caucasian employees were allowed to work available hours and train other

employees to get their bonuses.

    e.  Plaintiff was discriminated against with respect to the terms, conditions, benefits, and privileges of employment in that her "stuff" was wrapped up and secreted away.   Plaintiff complained about these acts of discrimination.

    f.  Plaintiff was put under investigation for false reasons and was moved to different halls.

    g.  Plaintiff was falsely accused of abuse to a resident – an allegation that was unfounded, untrue, and pretextual.   Plaintiff alleges that this complaint was brought against her because she had already filed a Charge of Discrimination against Defendant on April 25, 2023.   These false allegations of abuse occurred about two months after the filing of the Charge.

    h.  Defendant did not follow its progressive disciplinary procedures set forth in the Employee Handbook and terminated Plaintiff out of retaliation for filing a Charge of Discrimination with Metropolitan Human Relations Commission. Furthermore, Defendant made up excuses and reasons to terminate the Plaintiff, including insubordination, points, and abuse for which they had no evidence.

6. Plaintiff alleges that she was discriminated against, retaliated against and terminated on account of her race and color, and for filing a Charge of Discrimination with Metropolitan Human Relations Commission, all in violation of Title VII and 42 U.S.C. § 1981.

7. As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff suffered the loss of her job and job-related benefits including income.   Plaintiff also

suffered emotional distress, mental anguish, humiliation, embarrassment, and other damages and injuries for which she seeks compensatory damages.

8. Defendant's conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, pecuniary damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
Counsel for Plaintiff

–4–